UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Norma Montalvo and Maria Garcia, *Plaintiffs*, | § § § § | |
| v. | § § | Civil Action M-23-0342 |
| Autozone Parts, Inc., and Edgar Lucio, *Defendants*. | § § § § | |

# Report and Recommendation

Norma Montalvo and Maria Garcia sued Autozone Parts, Inc. (Autozone), and Autozone's employee driver, Edgar Lucio in Texas state court alleging they suffered personal injury in an accident alleged to have been caused by Lucio. ECF No. 1-3 at 2. Because Lucio died after the accident but before suit was filed Autozone disregarded Lucio's citizenship for jurisdictional purposes and removed the case to federal court. ECF No. 1. Plaintiffs seek leave to amend their pleadings to add Lucio's estate as a defendant and move to remand the case to state court. ECF No. 7. The court recommends[1] that the motions be **DENIED**.

*1. Background and Procedural Posture*

According to Plaintiffs, on June 8, 2022, their vehicle was struck by a vehicle operated by Edgar Lucio. ECF No. 1-3 at 2.

---

[1] Normally, a magistrate judge has authority to rule on a motion for leave to amend pleadings without the need for a report and recommendation and *de novo* review by the district judge. Here, however, for reasons that will be discussed, the disposition of the motion for leave to amend is the functional equivalent of a ruling on a motion to remand and the undersigned believes it is the best course to rule on both the motion to remand and the motion for leave to amend on a report and recommendation and seek *de novo* review by the district judge.

Lucio's vehicle was owned by Autozone, and Lucio was alleged to have been acting in the course and scope of his employment when the accident occurred. *Id.* Plaintiffs seek damages from Lucio for negligence and from Autozone under theories of *respondeat superior* and negligent supervision and retention. *Id.* at 2–3.

In its Brief in Support of Removal Autozone explains that Lucio died from causes unrelated to the accident before the lawsuit was filed in state court. ECF No. 2-1 at 1. Autozone filed a Suggestion of Death in state court before the case was removed to federal court. *Id.* at 10. According to Autozone, because Lucio was already deceased by the time the suit was filed, his citizenship is a nullity for purposes of diversity jurisdiction. *Id.* at 6. It is thus Autozone's position that, absent Lucio, the remaining parties are completely diverse and this court has jurisdiction. ECF No. 1 at 1 n. 2; ECF No. 2-1 at 2–3. In its Response to the motion now under advisement, Autozone also stipulates that Lucio was acting in the course and scope of his employment and explicitly states that "Autozone will not dispute its vicarious liability for the conduct of Mr. Luico [sic] . . ." ECF No. 7 at 6.

In their Opposed Motion for Leave to Amend and Opposed Motion to Remand, ECF No. 7, Plaintiffs argue that Lucio's citizenship should be considered in the jurisdictional analysis, and that the court should allow Plaintiffs to amend their pleadings to add Lucio's estate as a defendant. With respect to the first argument, at the December 15, 2023 hearing on the instant motion, Plaintiffs' counsel conceded that Lucio's citizenship must be disregarded for the jurisdictional analysis and that there is complete diversity of citizenship among the remaining parties. Plaintiffs' counsel agreed that the court currently has jurisdiction and that the key question is whether leave to amend to add Lucio's estate should be granted. As to that point, Plaintiffs' counsel also conceded that there is no element of damages or other relief that could not be granted with Autozone as the only defendant, given

2

Autozone's stipulation that it is vicariously liable for Lucio's negligence, if any. Plaintiffs' counsel further explained that the reason he wants to add Lucio's estate as a defendant is that it would result in a more convenient forum for his elderly client.

*2. Analysis*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441; *Priester v. Deutsche Bank Nat'l Trust Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). To establish diversity of citizenship, no plaintiff may be a citizen of the same state as any defendant. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013). A corporation is deemed to be a citizen of every state or foreign state of incorporation and of the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A person's citizenship is synonymous with their state of domicile, which is a combination of residence and intent to remain there permanently. *Dos Santos*, 516 F. App'x at 403; *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007)). "Evidence of a person's place of residence . . . is prima facie proof of . . . domicile." *Hollinger*, 654 F.3d at 571.

Plaintiffs' are seeking more than $1,000,000 in damages. ECF No. 1-3 at 1. The parties do not dispute that Autozone is a Nevada corporation with its principal place of business in Tennessee. *See also* ECF No. 1 at 1, n. 2. Nor is there a dispute that Plaintiffs reside in Texas and are citizens of Texas. *See also* ECF No. 1-3 at 1. Finally, the parties now agree, and the court finds, that Lucio's citizenship is irrelevant to the jurisdictional

analysis because he was deceased before suit was filed. *See LN Management, LLC v. JPMorgan Chase Bank., N.A.*, 957 F.3d 943, 950–55 (9th Cir. 2020) (collecting and analyzing cases and concluding that inclusion of a non-diverse defendant who had died before suit was filed did not destroy diversity). The court has jurisdiction and the motion to remand should be denied.

The court now turns to whether Plaintiffs should be permitted to amend their pleadings to add Lucio's estate. The parties agree that allowing amendment would destroy diversity and require remand to state court. This cannot be viewed as a question of whether Lucio's estate may simply be substituted for Lucio under Federal Rule of Civil Procedure 25(a)(1). That is because Rule 25(a)(1) contemplates substitution of the estate for a person who was already a party. If the person predeceases the filing of the action, substitution under Rule 25(a)(1) is not available. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969).

The issue is whether the court should grant leave to amend to add Lucio's estate under section 1447(e), which instructs that, when a plaintiff seeks to amend after removal to add a defendant who destroys subject matter jurisdiction, a court may "deny joinder, or permit joinder and remand the action."

In deciding whether to permit joinder of a non-diverse defendant under 28 U.S.C. § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The factors are: (1) whether the purpose of the amendment was to defeat federal jurisdiction; (2) whether the plaintiff was dilatory in requesting to amend; (3) "whether the plaintiff will be significantly injured" if not allowed to amend; and (4) "any other factors bearing on the equities." *Petty v. Great W. Cas. Co.*, 783 F. App'x 414, 415 (5th Cir. 2019) (quoting *Hensgens*, 833 F.2d at 1182).

As to the first factor, Plaintiffs point out that they tried to join Lucio as a party since the inception of this lawsuit and argue that addition of his estate is not an attempt to defeat federal jurisdiction. The court agrees that Plaintiffs' intent all along was to have Lucio as a defendant. Under normal circumstances, it makes perfect sense to have the actual tortfeasor as a defendant as well as his potentially liable employer. *See, e.g., Anderson v. CSX Sealand, Inc.*, No. 96-1642, 1997 WL 16617, at *2 (E.D. La. Jan. 14, 1997) (citing as reasons the possibility that the employer may successfully defend against vicarious liability, and procedural and discovery advantages associated with having the employee as a defendant rather than merely a third-party witness). It also may be that Plaintiffs want to hold personally liable the person that actually caused their damages. This is not a normal circumstance, however. Lucio is deceased. Plaintiffs are not trying to add a live person to the case. They are trying to add his estate, which will have no independent knowledge of the accident. It is difficult to see any reason to add Lucio's estate, given Autozone's stipulation to vicarious liability. Another problem with Plaintiffs' argument is that they are admittedly now trying to add Lucio's estate because doing so would result in a closer courthouse. At the December 15, 2023 hearing, Plaintiffs' counsel focused on the fact that the federal courthouse in McAllen is much further away from his client's residence than the one in Starr County to which the case would return were Lucio's estate to be added to the case. At least one motivation for Plaintiffs' seeking to add the estate is a change of forum.

As to the second factor, the court does not find that Plaintiffs were in any way dilatory.

As to the third factor, the court does not find that there will be any injury to Plaintiffs if they proceed in federal court with Autozone as the sole defendant. Plaintiffs' counsel conceded at the hearing that there would be no quantum of damages or other relief

5

unavailable to Plaintiffs without Lucio's estate as a Defendant. Moreover, in many cases courts find that adding the individual tortfeasor as a defendant benefits the plaintiff because the plaintiff would otherwise be forced to seek discovery from a non-party. *See, e.g. CSX Sealand*, 1997 WL 16617 at *2. This case is different for the obvious reason that the driver is deceased and there would be no discovery advantage to adding the driver's estate. To the extent that Plaintiffs are arguing that they will be injured by having to maintain two parallel actions—one in state court against Lucio's estate, and one in federal court against Autozone—the court is not persuaded. Autozone has already admitted that it is liable for Lucio's negligence, if any. Plaintiffs have failed to explain why a second action is necessary. Filing such an action would be Plaintiffs' choice.

There are no other factors bearing on the equities in this case. To the extent that Plaintiffs are trying to say that a closer state courthouse would be more equitable, the court has already explained why that reasoning cuts against allowing the amendment.

*3. Conclusion*

The court recommends that Plaintiff's Motion to Remand be **DENIED** and that Plaintiffs' Motion for Leave to Amend to add Lucio's estate be **DENIED**.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 18, 2023.

_____
Peter Bray
United States Magistrate Judge